UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ALBERT JACKSON                          CIVIL ACTION NO. 10-cv-0388

VERSUS                                  JUDGE HICKS

U.S. COMMISSIONER SOCIAL                MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

Albert Jackson ("Plaintiff"), represented by attorney John Ratcliff, commenced this action by filing a complaint against the Commissioner of the Social Security Administration. Plaintiff challenged an unfavorable decision on an application for disability benefits. The Commissioner filed an answer and copy of the administrative record.

The court's scheduling order then allowed Plaintiff 60 days to file a brief and present the specific errors that Plaintiff contends were committed at the administrative level and entitle Plaintiff to judicial relief. The scheduling order provides that the court "will consider only those errors specifically identified in the briefs."

Near the briefing deadline, attorney Ratcliff requested a 30-day extension of time to file a brief. The request was granted, with the new deadline September 23, 2010. Ratcliff did not file anything else until December 15, 2010, when he filed a motion to withdraw as counsel for Plaintiff on the grounds that health problems and a heavy caseload would not allow him to file a brief within a reasonable time.

Ratcliff represented in the motion that Plaintiff had been advised by telephone and certified mail that Ratcliff would withdraw, and Plaintiff was given information about a local attorney who might be interested in taking on the case, as well as the number of an attorney referral service. A copy of the motion to withdraw was sent to Plaintiff by certified mail.

The court granted Ratcliff's motion to withdraw as attorney and gave Plaintiff more than 30 additional days, until January 18, 2011, to file a brief. A copy of that order was mailed to Plaintiff's last known address. The mail was not returned, so it is presumed that it was delivered. Plaintiff has not filed a brief or anything else in the more than five months since the extended briefing deadline passed.

A district court has the inherent authority to dismiss an action, even *sua sponte*, for failure to prosecute, with or without notice to the parties. Link v. Wabash Railroad Co., 82 S.Ct. 1386, 1388-89 (1962); Rogers v. Kroger Co., 669 F.2d 317, 319-20 (5th Cir. 1982). Dismissal is warranted in these circumstances. Under the court's standing order governing social security appeals, the court reviews only those issues that are specifically raised by the plaintiff in a written brief. Plaintiff has not presented any particular issues or demonstrated adequate interest in pursuing the case to warrant the court spending additional time or resources on the matter.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of July, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE